UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KHALED ASSAD,

        Plaintiff,

v.                                    Case No.  8:06-cv-1339-T-24 EAJ

SM CLEAN, LLC,

        Defendant.

_____/

## ORDER

    This cause comes before the Court on Defendant's Motion to Dismiss and Compel Arbitration (Doc. No. 16), and the response and replies thereto (Doc. No. 19, 22, 24[1]).

## I.  Background

    Plaintiff alleges the following in his amended complaint (Doc. No. 4): Plaintiff held two franchise agreements with Defendant.  (¶ 8).  In June of 2006, Defendant accused Plaintiff of various violations of the franchise agreement, including operating similar businesses contemporaneously with his franchise from Defendant.[2]  (¶ 9, 10).  Defendant demanded that Plaintiff take remedial action.  (¶ 9).  While Plaintiff denied any wrongdoing or breach of the franchise agreement, he undertook steps to correct any perceived violation of the franchise agreement.  (¶ 11).  Despite Plaintiff's remedial actions, Defendant breached the franchise agreement by unilaterally revoking Plaintiff's franchise rights.  (¶ 15).  As a result, Plaintiff filed

---

[1]Plaintiff filed a motion for leave to file a rebuttal to Defendant's reply brief.  (Doc. No. 24).  The Court grants the motion and will consider the rebuttal brief attached to the motion.

[2]It is unclear as to which franchise agreement Defendant accused Plaintiff of violating. Regardless, both agreements have the same arbitration provisions.

suit against Defendant, asserting a breach of contract claim.  In response, Defendant moves to

dismiss this action and compel arbitration under the franchise agreements.

## II.  FAA

The Federal Arbitration Act ("FAA") was designed to "reverse the longstanding judicial

hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing

as other contracts."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991) (citations

omitted).  The provisions of the FAA "manifest a 'liberal federal policy favoring arbitration

agreements.'"  Id. at 25 (quoting Moses H. Cone Memorial Hospital v. Mercury Construction

Corp., 460 U.S. 1, 24 (1983)).  Thus, the FAA embodies Congress' attempt "'to enforce

[arbitration] agreements into which parties had entered.'"  Mitsubishi Motors Corp. v. Soler

Chrysler-Plymouth, Inc., 473 U.S. 614, 625-26 (1985) (quoting Dean Witter Reynolds, Inc. v.

Byrd, 470 U.S. 213, 221 (1985)).

This concern that arbitration agreements be enforced  "'requires that [courts] rigorously

enforce agreements to arbitrate.'"  Id. (quoting Byrd, 470 U.S. at 221).  Therefore, "'questions of

arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'"

Gilmer, 500 U.S. at 26 (quoting Moses H. Cone Memorial Hospital, 460 U.S. at 24).  As such,

"any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

Moses H. Cone Memorial Hospital, 460 U.S. at 25-26.

## III.  Motion to Dismiss and Compel Arbitration

The determination of whether to compel arbitration is a two-step inquiry.  See Klay v. All

Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004).  "The first step is to determine whether the

parties agreed to arbitrate the dispute."  Id. (citation omitted).  "The second step . . . involves

deciding whether 'legal constraints external to the parties' agreement foreclosed arbitration." Id. (quoting Mitsubishi Motors, 473 U.S. at 628).  Because the parties only dispute the scope of the arbitration agreement, the Court will only address the first step.

The parties dispute whether the arbitration agreement covers Plaintiff's breach of contract claim.  The arbitration agreements in the franchise agreements provide the following:

> 24.1 Disputes Subject to Arbitration.  Unless explicitly exempted otherwise herein, any controversy or claim arising out of or relating to this [franchise] Agreement or with regard to its interpretation, formation or breach, including allegations of fraud, misrepresentation and violation of any state or federal laws or regulations will be subject to and resolved exclusively by arbitration conducted in accordance with the commercial arbitration rules of the American Arbitration Association.
> *     *     *
> 24.5 Disputes Not Subject to Arbitration.  The following disputes between the Franchisor and the Franchisee will not be subject to arbitration:
> *     *     *
> 24.5.3 Any dispute involving enforcement of covenants contained in Paragraphs 15.2 and 15.3 of this [franchise] Agreement.

(Doc. No. 18).  Paragraphs 15.2 and 15.3 of the franchise agreements are non-compete provisions.

Plaintiff contends that his claim is specifically exempted under paragraph 24.5.3 of the franchise agreement because the dispute between the parties is based on Plaintiff allegedly operating a similar business contemporaneously with his franchise from Defendant.  Defendant responds that even if it terminated the franchise agreement because Plaintiff was operating a similar business, there is no allegation in the complaint that Defendant is attempting to *enforce* a non-compete provision.  Instead, Plaintiff's complaint merely alleges that Defendant breached their contract by terminating their franchise agreement.  The Court agrees with Defendant's argument.

The general arbitration provision in paragraph 24.1 of the franchise agreement is broad, and the exemption contained in paragraph 24.5.3 is quite narrow.  The exemption only applies to a dispute involving *enforcement* of the non-compete provisions.  While the parties' dispute may be related to the non-compete provisions, Plaintiff's complaint does not set forth a dispute regarding the *enforcement* of the non-compete provisions.  Instead, Plaintiff challenges the termination of the franchise agreement.  As such, Plaintiff's breach of contract claim is not within the category of disputes that are exempt from arbitration under paragraph 24.5.3.

Plaintiff's argument that his claim is within the exemption is based on a broader reading of paragraph 24.5.3 than the plain language of that provision provides.  Clearly, the parties knew how to draft a broad arbitration provision (since they did so in paragraph 24.1), and they could have broadly defined the types of disputes that are exempt from arbitration in paragraph 24.5.3.  For example, they could have drafted paragraph 24.5.3 to provide that all disputes that in any way relate to the non-compete provisions are exempt from arbitration.  However, based on the way that paragraph 24.5.3 is drafted, the Court finds that Plaintiff's breach of contract claim is not within the category of disputes that are exempt from arbitration, and instead, Plaintiff's breach of contract claim must be arbitrated.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Leave to File Rebuttal Memorandum (Doc. No. 24) is

**GRANTED**;

(2)      Defendant's Motion to Dismiss and Compel Arbitration (Doc. No. 16) is

**GRANTED**;

(3)     Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; and

(4)     The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of December, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record